**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

HANLET FRANCISCO MEDRANO RAMIREZ,

Petitioner,

v.

TODD BLANCHE; *et al.*,

Respondents.

3:26-CV-1849

**ORDER**

Before the Court is Petitioner's Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Habeas Relief (ECF 3). Upon consideration, the motion is hereby **DENIED** for the reasons below:

1. **Request to Enjoin Transfer and Removal.** Petitioner, a native of the Dominican Republic, is currently detained at Moshannon Valley Correctional Center, and seeks to enjoin Respondents from transferring him to another detention facility. Congress has vested the Secretary of Homeland Security and his delegates, such as U.S. Immigration and Customs Enforcement (ICE), with the authority to detain aliens pending a decision on their removal proceedings. 8 U.S.C. §§ 1231(a)(2), 1226(a), (c)(1). And Congress has vested the Department of Homeland Security (DHS) with the discretion to set the place of detention. 8 U.S.C. § 1231(g)(1); *Sinclair v. Att'y Gen.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (collecting cases). Within DHS's discretion is the authority to transfer aliens from one detention center to another. *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 685 (3d Cir. 2011). Reading § 1231(g)(1) together with Congress's limitations in 8 U.S.C. § 1252(a)(2)(B)(ii) on federal district courts' jurisdiction to review discretionary actions by DHS, federal

district courts have concluded that they lack jurisdiction to review DHS decisions under § 1231. *See, e.g.*, *Jane v. Rodriguez*, No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020) (citing cases). Nor does the All Writs Act, 28 U.S.C. § 1651, provide the Court with jurisdiction to enjoin transfer. *Barrios v. Att'y Gen.*, 452 F. App'x 196, 198 (3d Cir. 2011) (jurisdiction-stripping provision in section § 1252(g) of INA, which is identical to jurisdiction-stripping language of §1252(a)(2)(B)(ii), is not superseded by All Writs Act). Consistent with this authority, this Court concludes that it lacks jurisdiction to enjoin Petitioner's transfer. Further, Petitioner does not demonstrate that his removal is imminent such that there is a clear risk of irreparable harm. *See Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998).

2. **Request for Order to Show Cause.** Petitioner seeks an order requiring Respondents to show cause why the Petition for Writ of Habeas Corpus (ECF 1) should not be granted. Petitioner invokes 28 U.S.C. § 2243, which provides that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Section 2243 further provides that "[t]he writ, or order to show cause . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." Courts within this Circuit have found that Rule 4 of the Rules Governing Section 2254 and Section 2255 Proceedings ("Habeas Rules"), applicable to § 2241 cases through Rule 1(b) of the Habeas Rules, provides more flexible time limits for ordering an answer and supersede the time limits of § 2243 to the extent there is a conflict. *See Alvierez v. Bondi et al.*, Civil Action No. 26-532 (JXN), 2026 WL 146013, *1 (D.N.J. Jan. 20, 2026) (collecting cases). This Court agrees. The Court will issue a Case Management Order simultaneously with this Order.

3. **Request for Attorney Access.** Petitioner requests an order granting Petitioner's attorney "confidential attorney access." Petitioner's filings do not explain why this order is necessary. He does not allege that his attorney has been denied any access or that he has suffered any harm from a lack of access. The Court accordingly denies this request.

DATED this 18th day of September, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge